IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARLENE M. TRUXAL            )
                             )
            Plaintiff,       )
                             )
     v.                      ) Civil Action No. 06-681
                             )
MICHAEL J. ASTRUE,           )
COMMISSIONER OF              )
SOCIAL SECURITY,             )
                             )
            Defendant.       )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 17th day of September, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. <u>Farqnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her pending applications for disability insurance benefits and supplemental security income on May 17, 2004, alleging a disability onset date of March 1, 2004, due to breathing problems, nerve damage, hand and shoulder problems, seizure disorder and a stomach disorder. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on November 1, 2005, at which plaintiff, represented by counsel, appeared and testified. On January 24, 2006, the ALJ issued a decision finding that plaintiff is not disabled. On April 21, 2006, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 52 years old at the time of the ALJ's decision and is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(d) and 416.963(d). Plaintiff has a high school education and past relevant work experience as a housekeeper and meat packer. For purposes of plaintiff's application for Title II benefits, plaintiff met the disability insured status requirements of the Act on her alleged

onset date and had acquired sufficient quarters of coverage to remain insured through March 31, 2009.

After reviewing plaintiff's medical records and hearing testimony from plaintiff, plaintiff's son and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of bilateral carpal tunnel syndrome, arthritis, bursitis, tendinitis and impingement syndrome of the shoulders, chronic obstructive pulmonary disease and chronic alcoholism with associated seizures, gastritis and transient ischemic attack, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P. The ALJ also concluded that plaintiff's gastroesophageal reflux disease(GERD), hyperlipidemia and depression are non-severe impairments.

The ALJ further found that plaintiff retains the residual functional capacity to perform a significant range of light work but with certain restrictions recognizing the limiting effects of her impairments. Because plaintiff's past relevant work of housekeeper does not require the performance of work-related activities precluded by plaintiff's residual functional capacity, the ALJ found that plaintiff's impairments do not preclude her from performing her past relevant work. Accordingly, the ALJ determined at step 4 of the sequential evaluation process that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability[1]. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises three challenges to the ALJ's findings. Specifically, plaintiff contends that: (1) the ALJ

---

[1] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. See also Newell, 347 F.3d at 545-46.

erred in concluding that plaintiff's GERD, hyperlipidemia and depression are non-severe impairments; (2) the ALJ improperly analyzed the medical evidence and failed to accord controlling weight to the opinion of plaintiff's treating physician; and, (3) the ALJ erred in assessing plaintiff's credibility. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff first challenges the ALJ's step 2 finding that plaintiff's GERD, hyperlipidemia and depression are non-severe impairments. At step two, the ALJ must determine whether a claimant's impairments are severe as defined by the Act. 20 C.F.R. §§404.1520 and 416.920. "[An] impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§404.1521(a) and 416.920(a). The step two inquiry is a de minimus screening device and, if the evidence presents more than a slight abnormality, the step two requirement of severity is met and the sequential evaluation process should continue. Newell, 347 F.3d at 546.

Although "[r]easonable doubts on severity are to be resolved in favor of the claimant," Newell, 347 F.3d at 547, in this case, based on the medical record, there is no doubt that plaintiff's GERD, hyperlipidemia and depression do not significantly limit plaintiff's ability to do basic work activities and, therefore, are impairments which the ALJ properly determined to be non-

severe. As to the first two impairments, the record is devoid of any evidence, medical or otherwise, that those relatively common conditions resulted in any sort of work-related limitations for plaintiff, and, as the ALJ pointed out, the clinical tests of record failed to indicate any significant findings with regard to those conditions. (R. 16).

Likewise, as to depression, the ALJ observed that plaintiff's treating physician, Dr. Mathos, reported that plaintiff's emotional difficulties did not result in any difficulty in performing daily activities or in social functioning, and in fact indicated that plaintiff's only emotional problems stemmed from alcohol dependence but specifically stated that her dependence did not affect her concentration, persistence or pace. (R. 255-256). In addition, the ALJ noted that plaintiff had never been hospitalized nor received any sort of mental health treatment for any mental disorder and, in fact, never saw any sort of mental health specialist. (R. 16).

The ALJ adequately explained his step 2 rationale in his decision and his finding that plaintiff's GERD, hyperlipidemia and depression are not severe is supported by substantial evidence. Moreover, it also is important to note that, although the ALJ found several of plaintiff's impairments to be non-severe, he also found that plaintiff does suffer from numerous other severe impairments and therefore he did not deny plaintiff's claim for benefits at step 2. Instead, he considered the impact of all of plaintiff's medically determinable impairments, severe and not

- 6 -

severe, on plaintiff's residual functional capacity and found plaintiff not disabled at step 4.

Accordingly, the court is satisfied not only that the ALJ's step 2 analysis is supported by substantial evidence, but also that the ALJ's finding that plaintiff's GERD, hyperlipidemia and depression are not severe impairments had no effect on the ultimate determination of non-disability. Cf., McCrea v. Commissioner of Social Security, 370 F.3d 357, 360-61 (3rd Cir. 2004) (the Commissioner's determination to deny an applicant's request for benefits at step 2 "should be reviewed with close scrutiny" because step 2 "is to be rarely utilized as a basis for the denial of benefits".)

Plaintiff's next challenge to the ALJ's finding of not disabled is that the ALJ improperly evaluated the medical evidence. Specifically, plaintiff contends that the ALJ improperly evaluated assessments from plaintiff's treating physician, Dr. Mathos, which suggest that plaintiff is disabled. (R. 329; 362). Upon review of the record, the court is satisfied that the ALJ properly evaluated all of the medical evidence under the appropriate standards.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) & 416.1527(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical

and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.1527(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and adequately explained his assessment of that evidence. (R. 19-20). In particular, he specifically addressed the reports from Dr. Mathos, one suggesting that plaintiff suffers from depression and anxiety which render her incapable of performing even low stress jobs and one reporting that plaintiff's bilateral shoulder problems would limit her to only part-time sedentary work, but concluded that those assessments were inconsistent with the clinical and objective findings of record, including Dr. Mathos' own reports and findings.

The court finds no error in the ALJ's evaluation of these assessments. As the ALJ explained, the opinion of Dr. Mathos that plaintiff suffers from disabling depression is wholly inconsistent with his prior assessment that plaintiff suffers from no mental or emotional conditions at all and also inconsistent with plaintiff's total lack of any sort of mental health treatment. Likewise, the ALJ noted that Dr. Mathos' suggestion that plaintiff is disabled

- 8 -

by her physical impairments was contrary to the reports from her orthopedist, who noted significant improvement in plaintiff's wrists and hands subsequent to carpel tunnel syndrome surgery, and further noted that Dr. Mathos' assessment in regard to plaintiff's shoulder problems was rendered prior to her undergoing shoulder surgery in November of 2005. (R. 20). Thus, because the assessments from Dr. Mathos were not supported by the objective medical evidence and were inconsistent with other substantial evidence in the record, the ALJ did not err in not giving those assessments any controlling weight or deference. 20 C.F.R. §§404.1527(d) & 416.1527(d); SSR 96-2p.

The ALJ thoroughly and exhaustively addressed the relevant medical evidence in his opinion and more than adequately explained his reasons for the weight he accorded to the respective reports and opinions. (R. 19-20). The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Finally, the court also is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations.[2] In assessing plaintiff's credibility, the ALJ considered plaintiff's subjective

---

[2] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

complaints, but <u>also</u> considered those complaints in light of the medical evidence, plaintiff's treatment history and all of the other evidence of record. In doing so, the ALJ found plaintiff's subjective complaints of pain and limitations inconsistent with the totality of the circumstances. (R. 17-18). The ALJ thoroughly explained his credibility finding in his decision and that finding is supported by substantial evidence.

Moreover, while it is true, as plaintiff now asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, <u>see</u> <u>Fargnoli</u>, 247 F.3d at 40, n.5, the ALJ did not do so here. Instead, in determining plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations in light of her activities of daily living, as well as her treatment history and the absence of clinical and objective findings supporting plaintiff's allegations of totally debilitating symptoms.

In making his credibility finding the ALJ adhered to the standards set forth in 20 C.F.R. §§404.1529(c) and 416.929(c) and SSR 96-7p and adequately explained the basis for his credibility determination in his decision. (R. 17-18). The court is satisfied that the ALJ's credibility determination is supported by substantial evidence in the record.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by

substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                                                           Gustave Diamond
                                                                       United States District Judge

cc:  A. Tereasa Rerko, Esq.
     Quatrini Rafferty Galloway
     Underwood Center
     550 East Pittsburgh Street
     Greensburg, PA 15601

     Jessica Smolar
     Assistant U.S. Attorney
     U.S. Post Office & Courthouse
     700 Grant Street, Suite 400
     Pittsburgh, PA 15219